UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX MARQUEZ, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| - against – | |
| G.E.S. BAKERY, INC. d/b/a STRAUSS BAKERY, SRAH BAKERY, INC., YSDM, INC., TZVI GOLDSTEIN, and ELLIOT BERMAN, | Jury Trial Demanded |
| Defendants. | |

Plaintiff Felix Marquez, by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff bring this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York Labor Law ("NYLL") § 190 et. seq., §198, § 663, § 651 et seq. and § 650 et seq., and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.1, 142-2.2, 142-2.4, 142-2.5, and 142-2.14. Plaintiff seeks, for himself and all other similarly situated employees, unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.    Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6.    Plaintiff Felix Marquez ("Plaintiff Marquez") is a resident of the State of New York.

7.    Plaintiff's written consent to sue is annexed hereto.

8.    Upon information and belief, Defendant G.E.S. Bakery, Inc. d/b/a Strauss Bakery ("GES") is a domestic business corporation with a principal place of business at 1430 37th Street, Brooklyn, New York 11218.

9.    Upon information and belief, Defendant SRAH Bakery, Inc. ("SRAH") is a domestic business corporation with a principal place of business at 1430 37th Street, Brooklyn, New York 11218.

10.    Upon information and belief, Defendant YSDM, Inc. ("YSDM") is a domestic business corporation with a principal place of business at 1430 37th Street, Brooklyn, New York 11218.

11.     Upon information and belief, individual Defendant Tzvi Goldstein ("Goldstein") serves or served as owner, manager, principal, president and/or agent of GES, SRAH, and YSDM. Goldstein has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs

12.     Upon information and belief, individual Defendant Elliot Berman ("Berman") serves or served as owner, manager, principal, president and/or agent of GES, SRAH, and YSDM. Berman has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

13.     GES, SRAH, and YSDM are single integrated employers and/or joint employers under the NYLL in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiffs, including employment practices.

14.     Upon information and belief, GES, SRAH, and YSDM operate as a single entity and refers to itself as "Strauss Bakery."

15.     At all relevant times, Defendants employed Plaintiffs as defined by NYLL §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14.

16.     At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants employed "employee[s]," including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

17.     Defendants gross more than $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 2l6(b), on behalf of all persons employed by Defendants as non-exempt hourly workers from December 29, 2019 through the present. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

19.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per work week. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20.     Other non-exempt hourly workers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt hourly workers to receive notice of the action and allow them to opt in to such an action if they so choose.

21.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS

22.     Plaintiffs bring the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to Rule 23 to recover unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" wages, statutory damages, interest, reasonable attorneys' fees and costs,

liquidated and other damages, and all other appropriate legal and equitable relief on behalf of all individuals employed in the State of New York by Defendants as non-exempt hourly workers, from December 29, 2016 through the present (the "Class Period"). All said persons, including Plaintiffs, are referred to as the "Class Members" and/or the "Class."

23.    The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

24.    The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

25.    Plaintiffs' claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants: (i) failed to pay Plaintiffs minimum wages for all hours worked; (ii) failed to pay Plaintiffs overtime wages at the correct rate for all hours worked in excess of forty hours per week; (iii) failed to pay Plaintiffs "spread of hours compensation; (iv) failed to provide Plaintiffs with proper wage statements; and (v) failed to provide Plaintiffs with proper wage hiring notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

26.     Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

27.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained Virginia & Ambinder, LLP, and Naydenskiy Law Firm, LLC, experienced employment and class and collective action litigation firms.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

30.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (i) whether Defendants paid Plaintiffs minimum wages for all hours worked; (ii) whether Defendants paid Plaintiffs at the correct overtime rate for all hours worked in excess of forty hours per week; (iii) whether Defendants paid Plaintiffs "spread of hours compensation"; (iv) whether Defendants provided Plaintiffs proper wage statements; and (v) whether Defendants provided Plaintiffs proper wage hiring notices.

31.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

32.     Defendants operate a large-scale baked goods manufacturing business.

33.     At all times relevant hereto, Defendants employed Plaintiffs as a non-exempt hourly workers.

34.     At all times relevant hereto, Defendants employed the FLSA Collective Plaintiffs and the Class Members as non-exempt hourly workers.

35.     Named Plaintiff worked for Defendants from approximately January 2022 until approximately March 2022.

36.     While employed by Defendants, Named Plaintiff provided services to Defendants including but not limited to organizing Defendants' products, organizing Defendants' products in Defendants' freezer, and preparing and labelling boxes containing Defendants' bakery products.

37.     Named Plaintiff typically worked from approximately 8 a.m. to 8 p.m. or from 7 a.m. to 6:30 p.m., approximately five (5) to six (6) days per week.

38.     Defendants paid Named Plaintiff a flat rate of $15.00 per hour, regardless of how many hours he worked.

39.     Defendants paid Named Plaintiff through a combination of check and cash.

40.     Defendants paid Named Plaintiff a flat amount of $650.00 per week with a check, and approximately $160.00 in cash, regardless of how many hours Named Plaintiff actually worked.

41.     Named Plaintiff was not paid his wage rate for all hours worked.

42.     Named Plaintiff was not paid the applicable overtime hourly rate for all hours worked in excess of forty hours per week.

43.     Named Plaintiff did not receive the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which he worked 10 or more hours.

44.     Named Plaintiff's co-workers perform the same and/or similar work to that of Named Plaintiff.

45.     Like Named Plaintiff, the Putative Class members were not paid the applicable minimum wage rate for all hours worked.

46.     Like Named Plaintiff, the Putative Class members generally worked more than 40 hours per week but were not paid for every hour that they worked.

47.     Like Named Plaintiff, the Putative Class Members generally were not paid overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week.

48.     Like Named Plaintiff, the Putative Class members did not receive the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked 10 or more hours.

49.     At all relevant times, pursuant to NYLL § 661 and 12 NYCRR § 142.2.6, Defendants were required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each putative class member, among other information, the number of hours worked daily and weekly.

50.     Upon information and belief, Defendants failed to establish, maintain and preserve contemporaneous, true and accurate records for Named Plaintiff and putative class members that accurately reflect, *inter alia*, all hours worked by Plaintiffs on a daily and weekly basis.

51.     At all relevant times, Defendants have maintained a practice and policy of failing to pay Named Plaintiff and putative class members the applicable minimum wage rate for all hours worked, in violation of New York State Labor Law.

52.     At all relevant times, Defendants have maintained a practice and policy of assigning Named Plaintiff and putative class members to work more than 40 hours per week without paying

them the applicable overtime hourly rate of pay for all hours worked in excess of 40 per week, in violation of New York State Labor Law.

53.     At all relevant times, Defendants have maintained a practice and policy of failing to pay Named Plaintiff and putative class members "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours.

54.     Defendants' actions as described herein were intentional and not made in good faith.

55.     Defendants scheduled the FLSA Collective Plaintiffs and the Class Members to work over 40 hours a work week.

56.     Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of forty (40) hours a work week.

57.     Defendants did not pay Plaintiffs and the FLSA Collective Plaintiffs overtime premiums as required by the FLSA.

58.     Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime premiums of one and one-half times their regular hourly rates of pay for all of the hours they worked in excess of forty (40) hours per week.

59.     Defendants violated NYLL § 195 by failing to furnish Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

60.     Defendants violated NYLL § 195 by failing to furnish Plaintiff and the Class Members with notice, in English or in the languages identified by Plaintiff and the Class Members as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

61.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of forty (40) hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

62.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages - FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

63.     Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

64.     At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

65.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

66.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wages - NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

67.    Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

68.    12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be:" "$9.00 per hour on and after December 31, 2015"; "$11.00 per hour on and after December 31, 2016; $13.00 per hour on and after December 31, 2017; $15.00 per hour on and after December 31, 2018.

69.    NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

70.    At all relevant times to this action, Plaintiffs were Defendants' employees within the meaning of NYLL § 190(2) and § 651(5) and 12 NYCRR § 142-2.14.

71.    At all relevant times to this action, Defendants were the employer of Plaintiffs within the meaning of NYLL § 190(3) and § 651(6).

72.    At all relevant times to this action, Defendants failed to pay Plaintiffs the statutory minimum wage in violation of NYLL § 652 and 12 NYCRR § 142-2.1.

73.     Defendants willfully violated the rights of Named Plaintiff and putative class members by failing to pay them wages due and owing for work performed in violation of New York State Labor Law.

74.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to NYLL § 190 et seq., and § 650 et seq.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages - NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

75.     Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

76.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

77.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

78.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

79.     Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Wages - NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

80.     Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

81.     At all relevant times, Named Plaintiff and members of the putative class have been employees within the meaning of NYLL § 190, et seq., and any supporting New York State Department of Labor regulations.

82.     At all relevant times, Defendants have been employers within the meaning of NYLL § 190, et seq., and any supporting New York State Department of Labor regulations.

83.     Defendants failed to pay Named Plaintiff and members of the putative class their hourly wages for all hours worked in accordance with the agreed upon terms of their employment.

84.     Due to Defendants' violations of the NYLL, Named Plaintiff and members of the putative class are entitled to recover an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FIFTH CLAIM FOR RELIEF**
**(Failure to Pay "Spread of Hours" Wages - NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members**

85.     Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

86.     12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

87.     Defendants required that Named Plaintiff and members of the putative class typically work more than 10 hours in a day.

88.     At all times relevant to this action, Defendants failed to pay Named Plaintiff and members of the putative class the "spread of hours" premium required by 12 NYCRR § 142-2.4.

89.     Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiffs after 10 hours in day was willful.

90.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTH CLAIM FOR RELIEF
**(Wage Statement Violations - NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

91.     Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

92.     Defendants willfully failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour , shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours  worked,  including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

93.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## SEVENTH CLAIM FOR RELIEF
**(Wage Notice Violations - NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

94.     Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

95.     Defendants failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff and the Class Members as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

96.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Liquidated Damages;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
      December 29, 2022

VIRGINIA & AMBINDER, LLP

   s/LaDonna M. Lusher, Esq.   
LaDonna M. Lusher, Esq.
Joel Goldenberg, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

NAYDENSKIY LAW FIRM, LLC
Gennadiy Naydenskiy
426 Main St, #201
Spotswood, New Jersey, 08884
(718) 808-2224

*Attorneys for Named Plaintiff and the putative class*

17

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____<br>*Plaintiff(s)*<br>v. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |
| _____<br>*Defendant(s)* |  |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order
to show cause? Yes___ No___ "*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

        monetary damages sought are in excess of $150,000, exclusive of interest and costs,

        the complaint seeks injunctive relief,

        the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

        Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)       Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?         Yes          No

2.)       If you answered "no" above:
       a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?         Yes        No

       b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?        Yes        No

       c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:_____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____Yes_____No_____
       *(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

         Yes                 No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

         Yes   (If yes, please explain         No

I certify the accuracy of all information provided above.

**Signature**: ____*/s Joel Levi Goldenberg*_____

Last Modified: 11/27/2017